1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

| | | |
|---|---|---|
| APRILLA GILSDORF, | ) | Case No. 2:17-cv-00699-JCM-NJK |
| Plaintiff(s), | ) | ORDER |
| vs. | ) | |
| WAL-MART STORES INC., | ) | |
| Defendant(s). | ) | |

11
12
13
14
15

16      Pending before the Court is a Stipulated Protective Order (Docket No. 6), which the Court

17 approved to facilitate discovery in this case.  This order reminds counsel that there is a presumption of

18 public access to judicial files and records.  A party seeking to file a confidential document under seal

19 must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and*

20 *County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

21      The Court has adopted electronic filing procedures.  Attorneys must file documents under seal

22 using the Court's electronic filing procedures.  *See* Local Rule IA 10-5.  Papers filed with the Court

23 under seal must be accompanied with a concurrently-filed motion for leave to file those documents

24 under seal.  *See* Local Rule IA 10-5(a).

25      The Court has approved the blanket protective order to facilitate discovery exchanges.  But **there**

26 **has been no showing, and the Court has not found, that any specific documents are secret or**

27 **confidential**.  The parties have not provided specific facts supported by declarations or concrete

28 examples to establish that a protective order is required to protect any specific trade secret or other

confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm.  The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access.  *See Kamakana* 447 F.3d at 1179.   Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access.  *Id.* at 1180.  **All motions to seal must address the applicable standard and explain why that standard has been met**.  The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document.  The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing.  To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing.  The filing party shall then attach that declaration to its motion to seal the designated material.  If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[1]

_____

[1]  In the event of an emergency motion, the above procedures shall not apply.  Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three days of its filing.  If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

1    **IT IS ORDERED** that counsel shall comply with the requirements of Local Rule IA 10-5, the

2 Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect

3 to any documents filed under seal.  To the extent any aspect of the stipulated protective order may

4 conflict with this order or Local Rule IA 10-5, that aspect of the stipulated protective order is hereby

5 superseded with this order.

6    DATED: March 24, 2017

7

8                                                    _____
     NANCY J. KOPPE
9     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28